### The Town of Warren v. The Town of Wentworth.

If one consents to be taxed for land in his occupation belonging to another, he must pay this tax in order to gain a settlement under the statute by being taxed for his poll seven successive years and paying all taxes legally assessed on his poll and estate during that term.

If the wife of one in the occupation of land belonging to another give in the land to be taxed to her husband without antecedent authority from him, and he afterwards ratify her act in so giving in the land to be taxed to him, the land will be taxed to him with his consent within the meaning of the statute.

If in such case the husband applies to have the tax abated because he is poor and unable to pay it, and the tax is abated for that cause, this will be evidence from which it may be inferred that he has ratified the act of his wife in giving in the land to be taxed to him.

This action was brought to recover a sum of money expended by Warren, for the support of one Page Kimball and his family, paupers, alleged to have their settlement in Wentworth.

The action was referred to a referee, who found for the defendants, and reported the following case :

A question raised on the hearing was, whether said Kimball gained a settlement in Wentworth by a residence therein for seven years, from 1845 to 1851, both inclusive, and being taxed in said Wentworth for his poll for said seven years in succession, and paying all taxes legally assessed upon his poll and estate during said term, according to the 10th mode of gaining a settlement, as provided in chapter 69, section 1, of the Compiled Statutes.

He did gain such settlement, unless he failed to do so by reason of not paying all the taxes legally assessed on his poll and estate in 1845. In that year he was taxed for some real estate, and if the taxes assessed upon said real estate were legally assessed upon his estate, within the meaning of the statute, then he did not pay all the taxes legally assessed upon his estate in that year, and did not thereby gain a settlement in said Wentworth. He paid more than the amount of the residue of his taxes for that year.

Said Page Kimball owned no real estate in Wentworth, in 1845, but he was in the possession and occupancy of the real estate for which he was taxed. He was not present when his inventory was taken, and the selectmen who took the inventory and assessed the taxes in Wentworth, that year, did not give notice of any time and place for receiving an account of the polls and taxable property in Wentworth in 1845, nor did they call upon said Kimball for his inventory, nor notify him to give it in. They called at his place of residence in his absence, and took his inventory there, his wife being present, and she gave in the inventory without any previously expressed authority from said Kimball for so doing.

The referee finds that said Kimball knew that he was taxed for real estate in Wentworth, in 1845, and when he was called on by the collector to pay his taxes for that year, he did not object to paying on the ground that the tax upon the real estate was illegal, but paid a portion of his taxes, amounting to more than all his taxes other than said real estate tax. In other words, he paid a portion of said real estate tax, and re-

quested that the balance of his taxes unpaid should be abated on account of his sickness and poverty, and they were so abated.

*Felton,* for plaintiff.

*Smith,* for defendant.

PERLEY, C. J.    The ground taken by the plaintiff town is, that the pauper gained a settlement in Wentworth under ch. 65, sec. 1, art. 10, of the Revised Statutes, which is in the following terms :   "Any person of the age of twenty-one years, who shall have resided in any town in this State, and, being taxed for his poll for seven years in succession, shall have paid all taxes legally assessed on his poll and estate during said term, shall thereby gain a settlement in such town."

It appears by the report of the arbitrator that the pauper resided seven successive years in Wentworth, was taxed in that town for his poll and certain estate in those years ; but that a part of his tax for one of the years was abated at his request.   In answer to the objection that the whole of that tax was not paid by the pauper, the plaintiffs say, in the first place, that the unpaid part of his tax was not legally assessed, because it was assessed without his consent on land occupied, but not owned, by the pauper ; and, in the next place, they maintain, that, to gain a settlement, the statute only requires the tax assessed on the pauper's poll and his own estate to be paid, and not a tax legally assessed on him for land in his occupation belonging to another.

To gain a settlement under this provision of the statute, the pauper must be taxed for his *poll,* and must pay, not only his poll tax, but also the tax on his *estate ;* which can mean no more, we think, than that he must pay the tax assessed on property as well as that on his poll ; that is to say, all taxes legally assessed on him during the seven years.  It is not necessary that he should be taxed for any thing but his poll ; if, however, he is also taxed for property, he must pay that tax as well as the tax on his poll.   We cannot think it was intended to require towns under this provision to try questions of title to property, real or personal, provided it was legally taxed to the pauper.   If legally taxed to him, it is his for the purpose of taxation, and within the meaning of the law.

The arbitrator finds generally for the defendants and refers the law arising on his report to the court.   The court have no power to consider any question of fact, and we must understand that the arbitrator found all facts for the defendants, which the case before him warranted him in so finding.

The pauper's wife gave in the land to be taxed to him without any express antecedent authority ; and we see nothing in the case from which an antecedent authority could be implied.   It would not be within the customary province of the wife to give in the husband's property to be taxed ; certainly not to consent that he should be taxed for property not his own, and for which he was not liable, to be taxed without his consent.   But the wife assumed to act for the husband in giving in this property to be taxed to him ; and if she had been authorized beforehand

to do this for him as his agent, the act would in law have been his, and giving in the property to be thus taxed would have been a consent on his part within the meaning of the statute; and the case would fall clearly within the principle that the subsequent ratification of an act done in the name and behalf of another is equivalent to an antecedent authority. *Prat* v. *Taylor*, Cro. El. 61.

The report finds that the pauper was taxed for no other land than this which was given in by his wife, and that when he applied for an abatement on the tax he knew he was taxed for the land. The pauper paid part of the tax assessed on this land and the residue was abated on his request, and on the ground, not that the tax was illegal, but because he was poor and unable to pay it. This amounts to a recognition, or is at least strong evidence of a recognition, that the tax was legally assessed; and from this the arbitrator was well warranted in finding that the wife's act in giving in the land to be taxed to him was ratified by the pauper.

*Judgment on the report for the defendants.*